UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ERIC P. VON WIEGEN and PAMELA VON WIEGEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| V. | ) ) |
| SHELTER MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

Civil Action No. 5: 13-040-DCR

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiffs Eric P. von Wiegen and Pamela von Wiegen have moved the Court to prohibit at trial certain comments, evidence, and testimony that they believe are improper. [Record No. 37] Having reviewed the motion and response, the Court finds that a reply is not needed.[1] For the reasons set forth below, the plaintiffs' motion will be granted, in part, and denied, in part.

**I.**

This case arises out of an automobile accident involving Plaintiff Eric von Wiegen that occurred on July 9, 2010. [Record No. 1-1] Von Wiegen claims that he was injured when his automobile was rear-ended by a vehicle operated by another driver. Because the

---

[1] This motion lists twenty-nine separate items that the plaintiffs seek to exclude; however, there is no indication that the defendant intends to offer evidence, arguments or comments regarding many of the items listed. Thus, it appears that much of this motion is wholly unnecessary.

alleged injuries exceeded the insurance coverage of the other driver, after settlement, the plaintiffs submitted a claim under the underinsured motorist ("UIM") policy issued by the defendant.

The plaintiffs have asserted two claims in this action. First, they contend that Shelter owes them UIM benefits under their policy. Second the von Wiegens assert that Shelter acted in bad faith in adjusting their UIM claim. On July 17, 2013, the Court bifurcated the bad faith claim, and stayed discovery on that claim until the underlying coverage issue is resolved. [Record No. 15] After discovery on the first claim, the parties filed several motions, including the motion *in limine* discussed herein.

**II.**

While the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 (1984). Although a party can ask the Court to make an *in limine* ruling on evidentiary matters, it is within the Court's discretion to do so. In short, there is no right to an *in limine* ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988). In fact, a ruling on a motion *in limine* is nothing more than a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). In addition, "[t]he court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## A. Agreed Exclusions

There are a number of matters that the plaintiffs seek to exclude and that Shelter agrees should be excluded. In addition, these matters would be improper if presented during trial. The Court will grant the plaintiffs' motion with respect to those items.

Accordingly, the following will be excluded: any negative or disparaging remarks about attorneys and the legal profession [Record No. 37, ¶2]; testimony regarding increases in insurance premiums as the result of lawsuits [*Id.*, ¶4]; references to the negative effects of jury awards on businesses [*Id.*, ¶5]; testimony that Plaintiff Eric P. von Wiegen caused or contributed to the accident or his injuries on July 9, 2010[2] [*Id.*, ¶¶7,8]; evidence containing sensitive personal identifiers [*Id.*, ¶18]; testimony about ethnic backgrounds or religious beliefs [*Id.*, ¶19]; arguments that the jury must expend special efforts to be fair and impartial to corporations [*Id.*, ¶21]; improper speaking objections [*Id.*, ¶22]; evidence regarding plaintiffs' use of any amount recovered or the taxation of that amount [*Id.*, ¶¶23, 24]; arguments that the jury should reduce future earnings for personal consumption [*Id.*, ¶25]; "Golden rule" arguments [*Id.*, ¶28]; and any testimony or suggestions regarding the potential testimony of any witness not called. [*Id.*, ¶29] The plaintiffs' motion will be granted with respect to those matters.

---

[2] In response to the plaintiffs' requests to admit, Shelter admits that Brittany Turley was the sole cause of the July 9, 2010 collision, and that she was the sole cause of the injuries suffered by Eric P. von Wiegen on July 9, 2010. [Record No. 4, p. 7]

### B. Contested Exclusions

#### 1. Evidence that Shelter is a "good company"

The plaintiffs attempt to exclude "[a]ny and all attempts" by Shelter to show that it is "good company" or that it timely pays valid claims. [Record No. 37, ¶1] The plaintiffs cite *Estate of Miller v. Ford,* No. 2:01-cv-545-FtM-29DNF, 2004 U.S. Dist. LEXIS, at *7 (M.D. Fla. Nov. 17, 2004), in support of this request. In that case, as here, the court was faced with a number of motions *in limine*, one of which was a motion to prevent Ford from offering references, remarks or evidence concerning its "good acts." *Id.* at *10-11. The court sustained the motion, noting that such an offering would be irrelevant and prejudicial. *Id.*

Here, however, the Court declines to issue such a broad ruling because there is no indication that these remarks would necessarily be improper. To illustrate: at least part of the plaintiffs' case is centered upon the supposition that Shelter acted improperly in its scheduling of an Independent Medical Examination and in handling the plaintiffs' claim. [*See., e.g.*, Record No. 35, p. 12.] For the sake of argument, Shelter could rebut this assertion by offering evidence showing that it acted properly and in a timely manner in processing the von Wiegens' claims. A ruling as broad as the plaintiffs request would act as a bar to such a proper proffer by Shelter.

At this time, it is simply too speculative to determine whether Shelter should be precluded from offering *any* evidence that it is a good company or that it timely pays claims. And the plaintiffs have not shown that this evidence would be "clearly inadmissible on all

potential grounds." *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846. Accordingly, the plaintiffs' request will be denied.

### 2. Testimony of Calvin D. Cranfill

The plaintiffs also move to exclude any testimony of Calvin D. Cranfill, or any reference to his opinions on economic damages in this case. However, the plaintiffs have filed two other motions *in limine* regarding the exclusion of Cranfill's testimony, which will be addressed after the scheduled hearing of the matter. [Record Nos. 32, 36] Accordingly, the Court will not address this issue until those motions are fully ripe.

### 3. Cause of Injury

The plaintiffs seek to exclude any testimony that Plaintiff Eric P. von Wiegen suffered any injuries to his neck, left arm, shoulder, or hand, at any time prior to July 9, 2010. The plaintiffs contend that Shelter admitted that Eric P. von Wiegen had no prior injuries in its discovery responses. [Record No. 37, ¶9] However, the admission by Shelter actually stated that Shelter has "no factual evidence that Plaintiff, Eric P. von Wiegen, suffered any injuries to his neck, left arm/shoulder, and hand at any [] time prior or subsequent to July 9, 2010." [Record No. 4, p. 7 (emphasis added)] The admission was limited to the evidence Shelter had at that time. Accordingly, if Shelter subsequently discovered any evidence of a previous injury before or during trial, it would be allowed to present such evidence without contravening its admission. Accordingly, the request to exclude evidence of injury prior to July 9, 2010, will be denied.

### 4. Evidence from State Court Case

The plaintiffs seek to exclude any evidence, deposition testimony, documents, or pleadings in the case of *Eric P. von Wiegen & Pamela von Wiegen v. Brittany Turley*, Civil Action No. 11-CI-3170, without prior notice to opposing counsel. [Record No. 37, ¶16] Shelter responds that it does not object to this motion, and gives notice that "documents from the Fayette Circuit Court action will be used to impeach Plaintiffs if their testimony or arguments presented by their counsel are inconsistent with the information presented in the Fayette Circuit Court action." [Record No. 51, p. 5] Because Shelter has given notice in accordance with the plaintiffs' request, this motion will be denied.

### 5. Opposing Counsel's Files

The plaintiffs also state that "[n]o counsel shall make demands or requests before the jury for matters or documents found in the opposing counsel's or party's files." [Record No. 37, ¶17] Shelter responds that this should be denied because it is vague and ambiguous, and the Court agrees. This request will be denied.

### 6. Settlement Offers

The plaintiffs next seek to exclude evidence, statements, or any reference to settlement letters or offers to settle, or prior settlement discussions. [Record No. 37, ¶20] Shelter responds that it does not object to this request "to the extent it pertains to settlement demands or offers, but does reserve the right to introduce documents relating to attempts to resolve this matter to the extent they relate to Plaintiffs' failure to comply with the terms and conditions of the applicable insurance policies." [Record No. 51, p. 5]

Evidence of settlement offers and negotiations by either party are inadmissible unless one of the limited exceptions is met. Fed. R. Evid. 408. Without viewing the documents Shelter may proffer and without an explanation regarding the purpose of the use thereof, the Court cannot determine whether such documents may be admissible. Accordingly, this request will be denied.

### 7. References to Equally-Available Witnesses

The plaintiffs next seek to exclude any reference or suggestion by Shelter that the plaintiffs have not called any witness equally available to both parties in this case. [Record No. 37, ¶27 (citing *United States v. Virgen-Moreno*, 265 F.3d 276, 291 (6th Cir. 2001) and *Elam v. Menzies*, 594 F.3d 463, 469 (6th Cir. 2010).] The defendant requests that this motion be denied insofar as it prevents Shelter from commenting on the absence of evidence to support the plaintiffs' claims.

"When it would be natural under the circumstances for a party to call a particular witness . . . and the party fails to do so, tradition has allowed the adversary to use this failure as the basis for invoking an adverse inference." 2 McCormick on Evidence § 265 (6th ed.) In Kentucky, an "adverse inference" is inapplicable where a witness is available to both parties. *Whitcomb v. Whitcomb*, 267 S.W.2d 400, 402 (Ky. 1954); *see also Menzies,* 594 F.3d at 469 ("Some precedent exists suggesting that no adverse inference may be drawn from the failure to depose a witness who was equally available to both parties."). Accordingly, the Court will grant this motion to the extent it is consistent with the "adverse inference"

standard under Kentucky law. Any comment regarding the failure of a witness to testify, where the witness was equally available, will be limited.

## C. General Exclusions

The plaintiffs seek a number of broad exclusions, without argument or explanation of the impropriety of the evidence as it may apply in this case. They seek to exclude: (1) any personal derogatory remarks concerning opposing counsel, any experts, or the parties; (2) testimony or evidence from non-testifying witnesses or a witness whose identity was not specifically disclosed; (3) statements from counsel regarding a belief that a witness is "honorable"; (4) any expression by an attorney concerning the credibility of a witness or the merits of the opposing party's case; (5) comments on any item not in evidence; and (6) expert testimony that differs from the expert's report or deposition. [Record No. 37, pp. 2-4]

Shelter objects to these requests as overly broad and inconsistent with the Federal Rules of Evidence. [Record No. 51, p. 3] The Court agrees. For example, counsel may question the qualifications of a witness who is being offered as an expert witness. *See* Fed. R. Evid. 701, 702. Such a line of questioning could be considered a "personal derogatory remark" by counsel. And parties are permitted to attack the credibility of adverse witnesses, even where they have called the witness. *See* Fed. R. Evid. 607.

If an expert witness testified differently than his or her deposition, this would be a proper matter for cross-examination, not necessarily exclusion of the testimony. And jurors are specifically instructed that statements by lawyers and arguments are not evidence, and that jurors, alone, are responsible for determining the credibility of witnesses. *See, e.g.* Sixth

Circuit Pattern Jury Instructions § 1.04(3); 1.07.  Comments on items not in evidence may – or may not – violate the "best evidence" rule.  *See* Fed. R. Evid. 1002.  The Court will deny the plaintiffs' motion regarding these matters.  [*See* Record No. 37, ¶3, 10, 11, 12, 13, 14, 15.]

### III.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1.  The plaintiffs' Motion *in Limine* [Record No. 37] is **GRANTED**, in part, and **DENIED**, in part.

2.  Unless the defendant obtains prior approval from the Court, the defendant, including its attorneys and witnesses, shall be prohibited from offering any of the following: any negative or disparaging remarks about attorneys and the legal profession [Record No. 37, ¶2]; testimony regarding increases in insurance premiums as the result of lawsuits [*Id*., ¶4]; references to negative effects of jury awards on businesses [*Id.*, ¶5]; testimony that Plaintiff Eric P. von Wiegen caused or contributed to the accident or his injuries on July 9, 2010 [*Id*., ¶¶7,8]; evidence containing sensitive personal identifiers [*Id*., ¶18]; testimony about ethnic background or religious beliefs [*Id.*, ¶19]; arguments that the jury must expend special efforts to be fair and impartial to corporations [*Id*., ¶21]; improper speaking objections [*Id.*, ¶22]; evidence regarding plaintiffs' use of any amount recovered or the taxation of that amount [*Id*., ¶¶23, 24]; arguments that the jury should reduce future earnings for personal consumption [*Id.*, ¶25]; adverse inferences regarding equally-available

witnesses. [*Id*., ¶27]; "Golden rule" arguments [*Id*., ¶28]; and any testimony or suggestion regarding the potential testimony of any witness not called. [*Id.*, ¶29]

This 17th day of December, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge